**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| **QBE UNDERWRITING LIMITED as managing agent of Syndicate 1036 at Lloyd's of London** ) | |
| **and** ) | |
| **QBE CORPORATE LIMITED as lead Underwriter in its individual capacity subscribing to Policy Number B0507-M18PL00480,** ) | **Civil Action No. 2:19-cv-00054-HCM-RJK** |
| Plaintiffs, ) | |
| **v.** ) | |
| **HOST TERMINALS, LLC** ) | |
| **and** ) | |
| **ENVIVA PORT OF CHESAPEAKE LLC** ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs QBE Underwriting Limited as managing agent of Syndicate 1036 at Lloyd's of London and QBE Corporate Limited as lead underwriter in its individual capacity subscribing to Policy Number B0507-M18PL00480 (QBE Underwriting Limited and QBE Corporate Limited in their individual capacities only are collectively referred to herein for sake of convenience as "Underwriters"), by counsel, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), state as follows as their Complaint for Declaratory Judgment against Defendants Host Terminals, LLC ("Host") and Enviva Port of Chesapeake LLC ("Enviva").

## I.      <u>Parties</u>

1.      Plaintiff QBE Underwriting Limited is a business entity organized and existing under the law of England and Wales with a principal place of business located at Plantation Place, 30 Fenchurch Street, London, United Kingdom, EC3M 3BD and as such, a citizen of a foreign country.

2.      Plaintiff QBE Corporate limited is a business entity organized and existing under the law of England and Wales with a principal place of business located at Plantation Place, 30 Fenchurch Street, London, United Kingdom, EC3M 3BD and as such, a citizen of a foreign country.

3.      Defendant Host Terminals, LLC is the successor in interest of Host Terminals, Inc.  Host Terminals, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in the Commonwealth of Virginia.  Upon information and belief, the members of Host Terminals, LLC are citizens of the Commonwealth of Virginia.  Thus, Host Terminals, LLC is a citizen of Virginia.

4.      Defendant Enviva Port of Chesapeake LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Maryland.  Upon information and belief, the members of Enviva Port of Chesapeake, LLC are citizens of the States of Delaware and Maryland.  Thus, Enviva Port of Chesapeake, LLC is a citizen of Delaware and Maryland.

## II.      <u>Jurisdiction and Venue</u>

5.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

6.     The jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiffs Underwriters and Defendants Host and Enviva and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### III.     Facts

**The Enviva Demand**

8.     Host provided services to Enviva under a Terminal Services Agreement ("TSA") at Enviva's deep-water marine terminal located in Chesapeake, Virginia (the "Terminal").

9.     A fire occurred at the Terminal on or about February 27, 2018.

10.    Enviva asserted a demand against Host for damages caused by the fire, alleging that Host's misconduct and breach of the TSA caused the fire.

11.    Enviva asserts that Host is liable to Enviva for damages totaling $83.2 million, including:

     a.     Losses related to damaged equipment in the amount of $13.9 million;

     b.     Losses related to damaged Biomass in the amount of $15.9 million;

     c.     Losses related to controlling and managing the fire in the amount of $9.1 million;

     d.     Losses related to business continuity in the amount of $26.6 million;

     e.     Losses related to additional financing costs in the amount of $1.6 million;

     f.     Attorneys' fees and costs in the amount of $0.9 million; and

     g.     Losses related to increased insurance premiums and deductibles in the amount of $15.2 million.

12.     Relevant to this Complaint, the TSA provides that all insurance maintained by Enviva shall contain a waiver of subrogation against Host.

13.     Host tendered Enviva's demand to Underwriters under the Policy (defined below) for indemnification.

**The Policy**

14.     Underwriters issued Excess Policy No. B0507-M18PL00480, effective January 1, 2018 to January 1, 2019, to T. Parker Host, Inc. and/or Paradise Point Marine, LLC and/or H&H Delivery Services, LLC and/or Host Terminal, Inc. and/or Prism Marine, LLC and/or Ms Janet, LLC and/or Raven Power Barge Including subsidiary and/or affiliated and/or associated and/or partnership companies and/or individual assureds as their respective interests may appear (as the named insured) (the "Policy").

15.     Relevant to this Complaint, the Policy contains the following insuring agreement:

**I.      INSURING AGREEMENTS**

**1.     COVERAGE**

In consideration of the payment of the premium set out in Item 7 of the Declarations and in reliance upon the proposal for this policy (hereinafter Policy), statements made, and any supplementary information pertaining to the proposal which are all deemed incorporated herein, Underwriters agree, subject to the Insuring Agreements, Conditions, Exclusions, Definitions and Declarations contained in this Policy, to indemnify the "Insured" in respect of its operations anywhere in the World, and any "Additional Insured" as far as applicable for "Ultimate Net Loss" by reason of liability:

(a)        imposed upon the "Insured" by law or

(b)        assumed by the "Insured" under an "Insured Contract",

for damages in respect of:

(i)         "Bodily Injury"

(ii)        "Personal Injury"

4

(iii)    "Property Damage"

(iv)    "Advertising Injury",

caused by or arising out of an "Occurrence" during the Policy Period as set out in Item 5 of the Declarations.

Nothing contained in this Policy shall make this Policy subject to the terms of any other insurance.

16.    The Policy contains the following relevant Exclusions:

## III.    EXCLUSIONS

This Policy shall not indemnify the "insured" for any actual or alleged liability:

\*\*\*

5.    for "Property Damage" to property:

(a)    owned, leased, rented or occupied by the "Insured";

(b)    in the care custody or control of the "Insured";

6.    for "Property Damage" to the "Insured's Products" arising out of it or any part of it;

7.    for "Property Damage" to property worked on by or on behalf of the "Insured" arising out of such work or any portion thereof, or out of any material, parts or equipment furnished in connection therewith;

8.    for the withdrawal, recall, return, inspection, repair, replacement, or loss of use of the "Insured's Products" or work completed by or for the "Insured" or for any property of which such "Insured's Product" or work form a part;

17.    The Policy also contains a London Umbrella Policy JL 2012/006 Amendatory

Endorsement which modifies Exclusion 5, set forth in the previous paragraph, as follows:

## LONDON UMBRELLA POLICY JL 2012/006 AMENDATORY ENDORSEMENT

\*\*\*

c)    Exclusion 5(b) shall not apply to "Watercraft" or cargo in the "Insured's" care, custody or control.

18.    The Policy contains the following relevant definition:

## IV.      DEFINITIONS

***

## 16.      INSURED'S PRODUCTS

The words "Insured's Products", wherever used in this Policy, shall mean goods or products manufactured, sold, handled or distributed by the "Insured" or by others trading under the name of the "Insured" or by others trading under the name of the "Insured", including any packaging thereof.

## <u>COUNT I – DECLARATORY JUDGMENT</u>

19.      Underwriters reallege and reincorporate herein by reference the allegations set forth in the foregoing paragraphs.

20.      An actual controversy exists between Underwriters, Host, and Enviva concerning whether Host is entitled to coverage with respect to Enviva's demand under the Policy.  There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

21.      Underwriters seek a declaration pursuant to 28 U.S.C. § 2201 and § 2202 that Host is not entitled to coverage with respect to Enviva's demand under the Policy.

22.      Underwriters are entitled to this declaratory judgment:

a.      Because the damages claimed in Enviva's demand are excluded pursuant to Exclusion 5;

b.      To the extent that the damages claimed in Enviva's demand are excluded pursuant to Exclusion 6;

c.      To the extent that the damages claimed in Enviva's demand are excluded pursuant to Exclusion 7;

d.      To the extent that the damages claimed in Enviva's demand are excluded pursuant to Exclusion 8; and

e.      To the extent that the damages claimed by Enviva are not covered under the insuring agreement of the Policy because no liability for such damages has been imposed upon Host by law and because liability for such damages has not been assumed by Host under an "Insured Contract."

WHEREFORE, Underwriters respectfully request that this Court:

1.      Declare that the Policy does not provide coverage to Host with respect to Enviva's demand; and

2.      Award such other and further relief as this Court deems just and proper.

**QBE UNDERWRITING LIMITED as managing agent of Syndicate 1036 at Lloyd's of London**

**QBE CORPORATE LIMITED  as lead underwriter in its individual capacity subscribing to Policy Number B0507-M18PL00480**

**By:**    /s/ Lindsay L. Rollins
                    **Counsel**

John B. Mumford, Jr. (VSB No.: 38764)
Lindsay Lankford Rollins (VSB No.: 86362)
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
lrollins@hancockdaniel.com
Phone:  (804) 967-9604
Fax:  (804) 967-9888
*Counsel for QBE Underwriting Limited*
*as managing agent of Syndicate 1036 at*
*Lloyd's of London and*
*QBE Corporate Limited*
*as lead underwriter in its individual capacity*
*subscribing to Policy Number B0507-M18PL00480*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Deborah Y. Collins
Sullivan Collins Law Group P.L.C.
440 Monticello Avenue, Suite 1841
Norfolk, Virginia 23510
Phone: (757) 955-8545
Fax: (757) 687-0702
dcollins@asksullivan.com
*Counsel for Host Terminals, LLC*

Raymond A. Mascia, Jr.
William G. Passannante
Anderson Kill, P.C.
1251 Avenue of the Americas
New York, NY 10020
Phone: (212)278-1000
Fax: (212) 278-1733
rmascia@andersonkill.com
wpassannante@andersonkill.com
*Counsel for Host Terminals, LLC*

Michael S. Dry
Daniel T. Wallmuth
Vinson & Elkins, LLP
2200 Pennsylvania Ave. NW
Suite 500 West
Washington, DC 20037
Phone: (202) 639-6525
Fax: (202) 879-8665
mdry@velaw.com
dwallmuth@velaw.com
*Counsel for Enviva Port of Chesapeake LLC*

/s/ Lindsay L. Rollins
John B. Mumford, Jr. (VSB No.: 38764)
Lindsay Lankford Rollins (VSB No.: 86362)
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
lrollins@hancockdaniel.com
Phone:  (804) 967-9604
Fax:  (804) 967-9888
*Counsel for QBE Underwriting Limited
as managing agent of Syndicate 1036 at
Lloyd's of London and
QBE Corporate Limited
as lead underwriter in its individual capacity
subscribing to Policy Number B0507-M18PL00480*